**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30170 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05126-RBL-1 |
| v. | |
| KENNETH RANDALE DOOR, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued February 4, 2016
Submitted March 17, 2016
Seattle, Washington

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

In a memorandum disposition filed April 5, 2016, we affirmed Door's

conviction. Regarding Door's sentence: (1) We held that Door was not subject to

an enhancement for possessing a destructive device, U.S.S.G. § 2K2.1(b)(3)(B);

(2) We held that the district court had not made the requisite findings for us to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

determine whether Door was subject to enhancements for possessing a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6)(B), and for obstruction of justice, U.S.S.G. § 3C1.1; and (3) We deferred resolution of the question whether Door's six prior convictions for second-degree burglary in Washington State[1] were violent felonies under 18 U.S.C. § 924(e)(1), making him an armed career criminal, until the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016).

The Supreme Court filed its opinion in *Mathis* on June 23, 2016, explicitly holding that a state statute is not categorically a violent felony when its elements include alternate means of committing an offense that sweep broader than the elements of the federal generic definition. *Id.* at 2250–51, 2253, 2256 (2016). In supplemental briefs, Door argues and the government concedes that in light of *Mathis*, Door's prior convictions for burglary in Washington are not violent felonies. We agree and so hold.

We vacate Door's sentence and remand to the district court for resentencing. On remand, the district court may make findings of fact that either support or rule out the enhancements for possessing a firearm in connection with another felony

---

[1]  *See* Wash. Rev. Code § 9A.52.030.

offense and for obstruction of justice. We express no view on those enhancements before reviewing any findings of fact that may be made on remand.

SENTENCE VACATED and REMANDED. The time for filing petitions for rehearing or rehearing en banc shall begin upon the filing date of this memorandum disposition.

3